1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Ammar Dean Halloum,                  )    No. CV 11-97-PHX-RCB (JRI)
                                          )
10                   Plaintiff,           )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Charles Ryan, et al.,                )
13                                        )
                     Defendants.          )
14                                        )
                                          )
15   ─────────────────────────────────

16          Plaintiff Ammar Dean Halloum, who is confined in the Arizona State Prison

17   Complex-Tucson, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and

18   an Application to Proceed *In Forma Pauperis*.  The Court will order Defendants Huggins,

19   Turner, Hernandez, Brier, Eherdt, Rhihibe, and Itenberg to answer Counts I, III, IV, V, VI,

20   and VII of the Complaint, and will dismiss the remaining claims and Defendants without

21   prejudice.

22   **I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

23          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

24   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

25   The Court will assess an initial partial filing fee of $4.86.  The remainder of the fee will be

26   collected monthly in payments of 20% of the previous month's income each time the amount

27   in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

28   Order requiring the appropriate government agency to collect and forward the fees according

**TERMPSREF**

to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    **III.    Complaint**

2          Plaintiff names the following Defendants in the Complaint: Arizona Department of

3    Corrections Director Charles Ryan, Arizona Department of Corrections, Deputy Warden

4    Jackson, WIPP Coordinator Huggins, C.O. III Turner, Librarian Hernandez, Kitchen

5    Manager Clark, Canteen Inc., Education Supervisor Sanders, C.O. II Coleman, Master

6    Chaplain Brier, Deputy Warden Eherdt, Lieutenant Rhihibe, Kitchen Manager Itenberg, and

7    WIPP Coordinator Sauceda.

8          Plaintiff raises eight claims for relief in the Complaint:

9          (1)    Plaintiff's Eighth and First Amendment rights were violated when he was

10                retaliated against on multiple occasions;

11         (2)    Plaintiff's Eighth Amendment rights were violated when Defendant Sanders

12                wrongly gave Plaintiff poor work evaluations that resulted in Plaintiff losing

13                90 days' good time credit;

14         (3)    Plaintiff's First and Eighth Amendment rights, and Religious Freedom

15                Restoration Act (RFRA)[1] and Religious Land Use and Institutional Persons

16                Act (RLUIPA) were violated when Defendant Brier refused to grant Plaintiff

17                a religious shaving waiver although he granted such a waiver to inmates of

18                other religions;

19         (4)    Plaintiff First and Eighth Amendment rights, and RFRA and RLUIPA were

20                violated when Defendant Brier refused, without justification, to distribute

21                donated copies of the Quran to Plaintiff and other Muslim inmates;

22         (5)    Plaintiff's First and Eighth Amendment rights, and RFRA and RLUIPA were

23                violated when Defendants Eherdt and Itenberg "impeded Plaintiff and other

24                'Muslim' inmates from fasting by refusing to let them eat before dawn and to

25

26

27          [1]RFRA, 42 U.S.C. §§ 2000bb to 2000bb-4, has been declared unconstitutional as
     applied to local and state laws. City of Boerne v. Flores, 521 U.S. 507, 536 (1997). The
28    Court will therefore treat Plaintiff's religion claims as brought pursuant to only the First
     Amendment and RLUIPA.

1    break fast at sunset," as required by their religion during the month of

2    Ramadan;

3    (6)    Plaintiff's First and Eighth Amendment rights and RLUIPA were violated

4    when Defendant Rhihibe prevented Plaintiff and other Muslim inmates from

5    practicing communal prayer;

6    (7)    Plaintiff's First and Eighth Amendment rights and RLUIPA were violated

7    when Defendants Eherdt and Itenberg provided Plaintiff and other Muslim

8    inmates with insufficient food and drink because of their religion; and

9    (8)    Plaintiff's First and Eighth Amendment rights were violated when Defendant

10    Ryan wrongfully cancelled Plaintiff's previously approved six-month early

11    release from prison.

12    Plaintiff seeks money damages.

13  **IV.    Failure to State a Claim**

14      **A.    Arizona Department of Corrections**

15    The Arizona Department of Corrections is not a proper Defendant.  Under the

16  Eleventh Amendment to the Constitution of the United States, a state or state agency may not

17  be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465

18  U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a

19  state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the

20  Arizona Department of Corrections are not 'persons' under section 1983."    Gilbreath v.

21  Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore,

22  the Court will dismiss Defendant Arizona Department of Corrections.

23      **B.    Count I–Defendants Berry, Jackson, Sauceda, and Clark**

24    A viable claim of First Amendment retaliation contains five basic elements: (1) an

25  assertion that a state actor took some adverse action against an inmate (2) because of (3) that

26  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

27  Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not

28  reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-

1   68 (9th Cir. 2005); <u>see also</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation

2   claims requires an inmate to show (1) that the prison official acted in retaliation for the

3   exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate

4   penological interest").  The plaintiff has the burden of demonstrating that his exercise of his

5   First Amendment rights was a substantial or motivating factor behind the defendants'

6   conduct.  <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977);

7   <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989).

8           With respect to Defendants Jackson, Sauceda, and Clark, Plaintiff has not alleged

9   sufficient facts to state a claim for retaliation.  Plaintiff alleges only that Defendant Jackson

10  was "aware" of  retaliation against Plaintiff, failed to stop it, and approved Plaintiff's

11  transfer.  Plaintiff does not show that Defendant Jackson retaliated against Plaintiff for

12  Plaintiff's exercise of his constitutional rights, nor does Plaintiff allege that Defendant

13  Jackson transferred him without a legitimate penological interest.

14          Similarly, Plaintiff alleges only that Defendant Sauceda followed Defendant Huggins'

15  instructions to fire Plaintiff from his teaching job; Plaintiff does not allege facts showing that

16  Defendant Sauceda was doing more than following instructions from a supervisor.

17  Regarding Defendant Clark, Plaintiff states in the "Injury" section of Count I that Defendant

18  Clark was negligent and deliberately indifferent, but Plaintiff has made no factual allegations

19  against Defendant Clark and has therefore failed to state a claim against him.  Plaintiff has

20  also failed to make any factual allegations against Defendant Canteen Inc. and has therefore

21  failed to state a claim against Defendant Canteen Inc..

22          Finally, Plaintiff claims that he filed a grievance with Defendant Berry regarding

23  retaliation but that "the retaliation against him intensified."  The mere denial of a grievance

24  does not give rise to the inference of active unconstitutional behavior.  Where a defendant's

25  only involvement in the allegedly unconstitutional conduct is the denial of administrative

26  grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional

27  behavior does not amount to active unconstitutional behavior for purposes of § 1983.  <u>Shehee</u>

28  <u>v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999).

1   Plaintiff has failed to state a claim in Count I against Defendants Berry, Jackson,

2   Sauceda, and Clark, and these Defendants will be dismissed.

3   **C.   Counts II and VIII**

4   In Count II, Plaintiff claims that he wrongfully received a poor job evaluation from

5   Defendant Sanders that resulted in Plaintiff losing 90 days of good time credit.  In Count

6   VIII, Plaintiff alleges that Defendant Ryan wrongfully "cancelled" Plaintiff's early release

7   of six months.

8   When a prisoner challenges the validity or duration of his confinement, his sole

9   federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

10  For civil rights claims brought in § 1983 actions that also challenge the validity or duration

11  of confinement, the Supreme Court announced a "favorable termination rule" as follows:

> In order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by action whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus . . .

16  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Without such a showing of a "favorable

17  termination," the person's cause of action under § 1983 has not yet accrued.  Id. at 489.

18  Thus, if a judgment in favor of the plaintiff would necessarily imply that invalidity of his

19  conviction or sentence, the complaint must be dismissed.  Id. at 487.

20  If judgment in favor Plaintiff regarding the denial of due process in a prison

21  disciplinary proceeding would invalidate the  deprivation of good time credits, the claim is

22  barred under Heck unless Plaintiff can show that the disciplinary conviction has been

23  overturned.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997).  Although Plaintiff does not

24  allege that he lost good time credits specifically as the result of disciplinary proceedings, in

25  both Counts II and VIII, Plaintiff alleges that he was wrongfully denied of good time or early

26  release credits.  Because these claims directly affect the length of Plaintiff's confinement,

27  they are barred by Heck v. Humphrey, 512 U.S. 477 (1994).    The Court will therefore

28  dismiss Counts II and VIII.

1    **V.      Claims for Which an Answer Will be Required**

2         **A.      Count I–Defendants Hernandez, Huggins, and Turner**

3         In Count I, Plaintiff claims that Defendant Hernandez retaliated against him for filing

4    a grievance against her by trying to have Plaintiff fired from his teaching job.  Plaintiff

5    alleges that Defendant Huggins actually fired him and then reassigned him to a menial labor

6    job to degrade him and deter him and other inmates from complaining.  Finally, Plaintiff

7    claims that Defendant Turner had him transferred to another, less secure yard, in retaliation

8    for Plaintiff filing a complaint against Defendant Turner.   Liberally construed, these

9    allegations adequately state First Amendment retaliation claims against Defendants

10   Hernandez, Huggins, and Turner, and the Court will require these Defendants to answer

11   Count I.

12        **B.      Religion Claims**

13        To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege

14   that a defendant burdened the practice of plaintiff's religion by preventing him from

15   engaging in a sincerely held religious belief and that the defendant did so without any

16   justification reasonably related to legitimate penological interests.  Shakur v. Schriro, 514

17   F.3d 878 (9th Cir. 2008).

18        Under RLUIPA, a government may not impose a substantial burden on the religious

19   exercise of a confined person unless the government establishes that the burden furthers a

20   "compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C.

21   § 2000cc-1(a)(1)-(2).

22        Liberally construed, Plaintiff has stated First Amendment and RLUIPA claims as

23   follows:

24        (a)      against Defendant in Brier in Count III for the denial of a religious shaving

25                 waiver;

26        (b)      against Defendant Brier in Count IV for refusal to distribute a copy of the

27                 Quran to Plaintiff;

28        (c)      against Defendants Eherdt and Itenberg in Count V for failing to accommodate

1   Plaintiff's fasting during Ramadan;

2       (d)    against Defendant Rhibibe in Count VI for prohibiting Plaintiff and other

3             Muslim inmates from holding communal prayer; and

4       (e)    against Defendants Eherdt and Itenberg in Count VII for failing to provide

5             Plaintiff and other Muslim inmates with sufficient food because of their

6             religious practices.

7   The Court will require Defendants Brier, Eherdt, Itenberg, and Rhibibe to answer

8   Counts III, IV, V, VI, and VII as detailed above.

9   **VI.   Warnings**

10       **A.   Release**

11   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

12   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

13   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

14   in dismissal of this action.

15       **B.   Address Changes**

16   Plaintiff must file and serve a notice of a change of address in accordance with Rule

17   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

18   relief with a notice of change of address.  Failure to comply may result in dismissal of this

19   action.

20       **C.   Copies**

21   Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

22   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

23   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

24   an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

25   may result in the filing being stricken without further notice to Plaintiff.

26       **D.   Possible Dismissal**

27   If Plaintiff fails to timely comply with every provision of this Order, including these

28   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

TERMPSREF          - 8 -

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.86.

(3) Counts II and VIII and Defendants Ryan, Arizona Department of Corrections, Clark, Canteen Inc., Sanders, Coleman, and Sauceda are **dismissed** without prejudice.

(4) Defendants Huggins, Turner, Hernandez, Brier, Eherdt, Rhibibe, and Itenberg must answer Counts I, III, IV, V, VI, and VII.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Huggins, Turner, Hernandez, Brier, Eherdt, Rhibibe, and Itenberg.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a

Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

TERMPSREF

1    (13)    This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1

2  and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

3  under 28 U.S.C. § 636(b)(1).

4    DATED this 27th day of January, 2011.

                                    _____
                                    Robert C. Broomfield
                                    Senior United States District Judge

TERMPSREF                                    - 11 -