**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ammar Dean Halloum,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Defendants. | No. CV 11-97-PHX-RCB (JRI)<br><br>**ORDER** |

    Plaintiff Ammar Dean Halloum, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 27, 2011 Order, the Court ordered Defendants Huggins, Turner, Hernandez, Brier, Eherdt, Rhihibe, and Itenberg to answer Counts I, III, IV, V, VI, and VII of the Complaint, and dismissed the remaining claims and Defendants without prejudice.

    On February 11, 2011, Plaintiff filed a Motion for Reconsideration of the dismissal of Count VIII. The Court dismissed Count VIII as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In his Motion for Reconsideration, Plaintiff states that he intended to raise Count VIII as a retaliation claim and asks that the Court reconsider the claim as such. Plaintiff also states in his Motion that "he was wrongfully denied of three months good time, and three months early release credits in retaliation for filing several grievances and a 'Notice of Claim.'"

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If judgment in favor Plaintiff would invalidate the deprivation of good time credits, the claim is also barred under Heck. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). Because Plaintiff's claims in Count VIII directly relate to the deprivation of good time credits, they are barred by Heck and must be dismissed. The Court finds no reason to reconsider dismissal of this claim.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is withdrawn with respect to Plaintiff's February 10, 2011 Motion for Reconsideration (Doc. 7); all other matters must remain with the Magistrate Judge as appropriate.

(2) Plaintiff's February 10, 2011 Motion for Reconsideration (Doc. 7) is **denied**.

DATED this 14th day of February, 2011.

Robert C. Broomfield
Senior United States District Judge