**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ammar Dean Halloum, | ) | No. CV 11-97-PHX-RCB (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles Ryan, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' May 13, 2011 Motion for Clarification (Doc. 19) regarding Count VI of the Complaint and Defendant Eherdt. Because the Court inadvertently failed to address Plaintiff's allegations against Defendant Eherdt in Count VI of the Complaint, the Court will grant the Motion and clarify the screening Order.

In Count VI, Plaintiff alleges that he repeatedly informed Defendant Eherdt of Defendant Rhibibe's "violation of the U.S. Constitution and prison policy," but Defendant Eherdt failed to stop the "deprivation and violations."

The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of, or failure to respond to, administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not alleged facts in Count VI

demonstrating that Defendant Eherdt did more than simply fail to intervene on Plaintiff's behalf. Plaintiff has therefore failed to state a claim against Defendant Eherdt in Count VI. Plaintiff's claims against Defendant Eherdt in Count VI are dismissed.

**IT IS ORDERED:**

(1) Defendants' May 13, 2011 Motion for Clarification (Doc. 19) is **granted**.

(2) Plaintiff's claims in Count VI of the Complaint are dismissed as to Defendant Eherdt. Defendant Eherdt is not required to answer Count VI of the Complaint.

DATED this 25th day of May, 2011.

Robert C. Broomfield
Senior United States District Judge