# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ammar Dean Halloum,** <br> Plaintiff <br> -vs- <br> **Charles L. Ryan, et al.,** <br> Defendants | CV-11-0097-PHX-RCB (JRI) <br><br> **REPORT & RECOMMENDATION** <br> **Re Dismissal of** <br> **Unserved Defendant Itenberg** |

**Failure to Timely Serve** - In its Order filed August 2, 2011 (Doc. 30), the Court ordered Plaintiff to file a memorandum showing cause why Defendant Itenberg should not be dismissed without prejudice for failure to effect service.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." In addition, the Court's Scheduling Order, filed June 8, 2011 (Doc. 25) advised Plaintiff that the presumptive maximum service date was May 16, 2011.

**Plaintiff's Response** - On August 16, 2011, Plaintiff filed his "Memorandum to Show Cause Regarding Serving Defendant Itenberg" (Doc. 32). In his Response, Plaintiff argues that he had directed service through the U.S. Marshals Service at Itenberg's last known address at the Arizona Department of Corrections, but indicates that Itenberg was employed

in food service at ADOC's Tucson complex. (*Id.* at 1.) Plaintiff's Complaint indicates that Itenberg was a "Kitchen Manager, Canteen Inc., Tucson." (Doc. 1 at 4.) Service on Itenberg was returned unexecuted on March 8, 2011, reflecting that Plaintiff had directed service on Itenberg at ADOC's central office in Phoenix. (Doc. 9.)

Plaintiff indicates he has information to indicate that Defendant Itenberg has now relocated to his company's headquarters in Missouri, and alleges that he has written Canteen Inc. in an effort to have them accept service. Plaintiff requests that the Court "issue an Order instructing the US Marshals to serve Defendant Itenberg by mailing the complaint to the Arizona Department of Corrections, or to the Tucson Complex which was the last known address for Defendant." (Doc. 32 at 2.)

**Defendants' Reply** - The served Defendants have replied (Doc. 33), arguing that ADOC contracts with Canteen Inc. to provide food service, and ADOC is not authorized to accept service for Canteen employees. Counsel for defendants disavows representing Canteen or being authorized to accept service for its employees.

**Application of Law to Facts** - Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and

1  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant</u> - Defendant Itenberg, if eventually served, would be brought into litigation in which all deadlines either are expired or soon will be. Fir example, under the current scheduling order, disclosure deadlines have passed and the discovery requests deadline expires October 25, 2011, and the dispositive motions deadline is January 27, 2012. (Order 6/8/11, Doc. 25; Order 8/2/11, Doc. 30.)

<u>Length of Delay and Impact</u> - Over six months have expired since service on Defendant Itenberg was returned unexecuted. To extend the time for service, and to introduce a new defendant would effectively mean resetting the schedule in this case. This case is already over a year old, the time for service expired almost 9 months ago, and the case is nearing completion, with the extended discovery and motions deadlines about to expire. (*See* Order 7/18/11.)

<u>Reason for Delay</u> - Plaintiff's fitful attempts at naming and pursuing service on this defendant do not demonstrate diligence, nor provide sufficient reason to explain the extent of the delay. Rather, much of the delay is attributable to simple neglect. Prejudice to the opposing parties would result from the 11th hour addition of a new defendant, on a separate claim not being litigated by the other parties. Prejudice to the new defendant would mirror the prejudice to the existing defendants, whose cases would be ready to proceed to dispositive motion and/or trial by the time a new defendant were added and served.

Plaintiff has been released from custody at least since April, 2011. The Court's scheduling Order (Doc. 25) was filed June 8, 2011. The Court's docket reflects no notices

of service of discovery being filed by Plaintiff.

Plaintiff complains that ADOC has a duty to either accept service for Itenberg or to provide an address for service. Plaintiff proffers no authority for the assertion that an employer or third party contractor has an obligation or general authority to accept service for a worker. Nor does he proffer any authority which would required ADOC to volunteer any information. Plaintiff has had at his disposal, through the discovery process, the tools to seek to require ADOC and/or Canteen Inc. to provide that information. He has not utilized those tools.

In sum, in the six months since service was returned unexecuted, other than Plaintiff's purported request to have Itenberg's supposed employer accept service, Plaintiff has taken no action to obtain an address for service or to otherwise complete service on Itenberg. Plaintiff fails to offer any reason for the lack of action or the expansive delays.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

**Summary** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendant Itenberg.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendant Itenberg be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any

findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: September 21, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\11-0097-030r RR 11 09 14 to Dismiss FTSrv.wpd