**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ammar Dean Halloum, | ) | No. CV 11-0097 PHX RCB (JFM) |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Ammar Dean Halloum filed this pro se civil rights action alleging numerous First Amendment violations against Arizona Department of Corrections employees (Doc. 1). Before the Court are both parties' Motions for Summary Judgment and the Court's outstanding Order to Show Cause (Docs. 52, 55, 73).

In light of Plaintiff's failure to respond to the Order to Show Cause, the Court will dismiss the action and deny the pending motions as moot.

**I.    Background**

Plaintiff initiated this lawsuit in January 2011, when he was an inmate in the Arizona State Prison Complex in Tucson, Arizona (Doc. 1). The Court granted Plaintiff *in forma pauperis* status and assessed the statutory filing fee of $350.00 (Doc. 5). In April 2011, he was released from custody (Doc. 16). Thereafter, the parties filed their summary-judgment motions (Docs. 52, 55).

On October 12, 2012, the Court issued an Order to Show Cause directing Plaintiff to

1  pay the statutory filing fee or show cause why he has not paid the balance of his filing fee,

2  which was still the full $350.00 (Doc. 73).  Upon Plaintiff's release from custody, he was

3  required to pay the balance of the filing fee within 120 days (see Doc. 5).  The October 12,

4  2012 Order provided Plaintiff an additional 30 days to either pay the fee or show cause why

5  he had not yet done so (Doc. 73).

6      To date, Plaintiff has not responded to the Order to Show Cause, and more than 30

7  days has elapsed.[1]

8  **II.     Dismissal for Failure to Comply with Court Order**

9      Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure

10  to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Hells Canyon

11  Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss

12  under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the

13  court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (1992) (a district court may dismiss

14  an action for failure to comply with any order of the court).  Before dismissal on either of

15  these grounds, the Court must weigh "(1) the public's interest in expeditious resolution of

16  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

17  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

18  availability of less drastic alternatives."  Ferdik, 963 F.2d at 1261 (citing Henderson v.

19  Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986)).

20      Here, the first two factors favor dismissal.  "[T]he public's interest in expeditious

21  resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983,

22  990 (9th Cir. 1999).  Plaintiff has ostensibly lost interest in prosecuting this action.  He did

23  not file a reply in support of his pending summary judgment motion and, thus, has not filed

24  anything in this action since July 5, 2012, when he moved for an extension to file his reply

25  (Doc. 63; see Doc. 64, Order granting Pl.'s Mot.).  Nor has he paid the filing fee or

26

27

28      [1]Although Plaintiff was permitted to file electronically in this case (see Doc. 59), the
Court has added the time allowed for mailing.  See Fed. R. Civ. P. 6(d).

1   responded to the Order to Show Cause.  See Ferdik, 963 F.2d at 1261 (district courts have

2   inherent power to manage their dockets without being subject to noncompliant litigants).

3        The third factor also favors dismissal; there is no prejudice to Defendants to dismiss

4   the action.

5        Public policy favors disposition of cases on their merits, so the fourth factor weighs

6   against dismissal.  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

7        The final factor requires the Court to consider whether a less drastic alterative is

8   available.  Plaintiff was specifically warned that failure to respond to the Order to Show

9   Cause could result in dismissal (Doc. 73 at 2).  He was also previously warned that failure

10  to comply with court orders could result in dismissal of the action (Doc. 5 at 8-9).  Therefore,

11  in weighing this last factor, the Court finds that dismissal is appropriate; however, dismissal

12  without prejudice is an available and less drastic sanction in this case.  See Fed. R. Civ. P.

13  41(b) (unless otherwise ordered, dismissal under Rule 41(b) operates as an adjudication on

14  the merits).

15       In sum, the five-factor analysis weighs in favor of dismissal.  Due to Plaintiff's failure

16  to pay the filing fee or respond to the Order to Show Cause, the Court will dismiss the

17  Complaint without prejudice.  The pending summary-judgment motions will be denied as

18  moot.

19  **IT IS ORDERED:**

20       (1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for

21  Summary Judgment (Doc. 52) and Plaintiff's Motion for Summary Judgment (Doc. 55).

22       (2) Plaintiff's Complaint (Doc. 1) is dismissed without prejudice under Federal Rule

23  of Civil Procedure 41(b).

24       (3) Defendants' Motion for Summary Judgment (Doc. 52) and Plaintiff's Motion for

25  . . .

26

27

28

Summary Judgment (Doc. 55) are **denied** as moot.

(4) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 28th day of November, 2012.

Robert C. Broomfield
Senior United States District Judge