WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ammar Dean Halloum,          )
                             )
              Plaintiff,     )      No. CV 11-97-PHX-RCB(JFM)
                             )
        vs.                  )         O R D E R
                             )
Charles Ryan, *et al.*,      )
                             )
              Defendants.    )
_____)

Currently pending before the court are two motions simultaneously filed by plaintiff *pro se*, Ammar Dean Halloum. In the first, plaintiff is seeking "to [s]ubrogate [h]is [e]lectronic [f]iling[,]" Mot. (Doc. 76); and in the second, he is seeking to "expedite the trial date."  Mot. (Doc. 77) at 1:10-11.  For the reasons set forth below, the court grants the first motion, but denies the second without prejudice to renew.                    ***Background***

    In January, 2011, while confined in the Arizona State Prison Complex-Tucson, plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, as well as an

Application to Proceed *In Forma Pauperis*.   The Court granted
the plaintiff *in forma pauperis* status and assessed the
statutory filing fee of $350.00.  Ord. (Doc. 5). On April 21,
2011, the plaintiff informed the court that he had been
released from custody.  Not. (Doc. 16).

Pursuant to this court's January 27, 2011, order,
plaintiff was required to "pay the unpaid balance of the
filing fee within 120 days" of that release date.  See Ord.
(Doc. 5) at 8:11.  That order also required plaintiff, within
30 days of his release, to "either (1) notify the court that
he intends to pay the balance or (2) show good cause, in
writing, why he cannot."  Id. at 8:12-13.  Further, this
court's order explicitly "[**w**]**arn**[**ed**][**,**]" among other things,
that "[f]ailure to comply" with the foregoing "may result in
dismissal of this action."  Id. at 8:9 (emphasis in
original); and at 8:13-14.

Despite plaintiff's failure to comply with any of those
requirements, this lawsuit progressed.  And, in April, 2012,
the defendants filed a summary judgment motion.  In late May,
2012, the plaintiff filed a cross-motion for summary
judgment.  During the pendency of those motions, on June 22,
2012, the plaintiff filed a motion seeking leave to file and
serve electronically pursuant to this District's Electronic
Case Filing Administrative Policies and Procedures Manual
(the ECF Manual), ¶ II.B.3.  Plaintiff attached to his motion
the fully completed "**PRO SE PARTICIPANT ELECTRONIC CASE FILES
REGISTRATION FORM**[.]" Mot. (Doc. 58) at 4-5.  The Honorable
United States Magistrate Judge Metcalf granted that motion on

1   June 27, 2012, "remind[ing]" plaintiff of his "obligation to
2   'register as a user with the Clerk's Office and as a
3   subscriber to PACER within five . . . days.'"  Ord. (Doc. 59)
4   (quoting ECF Manual at ¶ II.B.3).

5       On July 2, 2012, within five days of the Magistrate
6   Judge's order, the Clerk of the Court's records indicate that
7   plaintiff was issued a login and password, and denoted as
8   "Registered" with the court's CM/ECF system. CM/ECF-azd-User
9   Maintenance Information for Ammar Dean Halloum.  A
10  "Registered User" is "an individual who has been issued a
11  login and password by the court to electronically file
12  documents."  ECF Manual at 4, ¶ I(A). Thus, with the issuance
13  of his login and password, on July 2, 2012, plaintiff Halloum
14  became a "registered user" within the meaning of the ECF
15  Manual.  Consequently, the docket shows that after that date,
16  the Clerk's Office began serving plaintiff electronically.

17      On October 12, 2012, this court entered an Order to Show
18  Cause ("OSC") directing the plaintiff to pay the statutory
19  filing fee or show cause why he has not paid the balance of
20  his filing fee, which was still the full $350.00 (Doc. 73).
21  That OSC contained a separate "**Warning**[,]" notifying the
22  plaintiff that "[i]f [he] fails to timely comply with th[at]
23  [OSC], the Court may dismiss this action without further
24  notice."  <u>Id.</u> at 2:7-9 (citation omitted).  Consistent with
25  his status as a registered ECF user, plaintiff was
26  electronically served with the OSC.  OSC (Doc. 73), Notice of
27  Electronic Filing ("NEF") attached thereto at 1.
28      When the plaintiff did not respond to the OSC, on

1  November 28, 2012, this court dismissed the action without

2  prejudice in accordance with Fed.R.Civ.P. 41(b), and denied

3  the pending summary judgment motions as moot.  Ord. (Doc. 74)

4  at 3:22-4:1, ¶¶ (2)(3).  Judgment was entered accordingly

5  that same date (Doc. 75).  Also on that date, plaintiff was

6  electronically served with the dismissal order and the

7  judgment.  Ord. (Doc. 74), NEF attached thereto at 1; and

8  Judgment (Doc. 75), NEF attached thereto at 1.   At no time

9  in this case, was there ever a notice of failure of delivery

10  as to any of the notices of electronic filing ("NEF")

11  associated with any of the electronically filed and served

12  court orders.

13      Roughly two months later, on January 24, 2013, plaintiff

14  filed the pending motions.  Essentially, plaintiff is

15  claiming that he has not been able to access the CM/ECF

16  system and that he did not have notice of the OSC and the

17  resultant dismissal order.

18                            ***Discussion***

19  ***I.  Electronic Filing***

20      Because they are uncertain as to exactly what relief

21  plaintiff is seeking in his motion "to subrogate his

22  electronic filing[,]" the defendants acknowledge receipt, but

23  otherwise do not respond.  See Defs.' Ack. (Doc. 78) at 1:20-

24  21.  As the court construes plaintiff's motion, he no longer

25  wants to use electronic filing because he has not been able

26  to "successfully access the record."  Mot. (Doc. 76) at 1:12.

27      The record as presently constituted strongly supports

28  plaintiff's contention.  Although it is not absolutely

- 4 -

certain, evidently plaintiff tried to use the ECF system once, on July 3, 2012 – one day after becoming a registered ECF user.   The records of the Clerk of the Court reflect that on that date someone, presumably plaintiff, was active on his ECF account for 27 seconds.   CM/ECF-azd-User Maintenance Information for Ammar Dean Halloum.   Evidently, in that short time, plaintiff was unable to access the docket in this case. Further, clearly he did not electronically file any documents at that time.

In fact, since becoming a registered ECF user, plaintiff has never availed himself of electronic service or filing.   He always submits a hard copy to the Clerk of the Court's office for filing and serves the defendants by mail.   See, e.g., Mot. (Doc. 63).   Proceeding in that way, rather than using the ECF system, is consistent with plaintiff not being able to "successfully access the record."   See Mot. (Doc. 76) at 1:12.   Perhaps the defendants were aware of that, because even after July 2, 2012, the date plaintiff supposedly became a registered ECF user, they have always served plaintiff by mail, stating that he "is not a registered participant of the CM/ECF system."   See. e.g., Mot. (Doc. 65) at 3:6-7.

In light of the foregoing, the court sees no reason to compel plaintiff to use the ECF system for filing and service. The court therefore **GRANTS** plaintiff's motion to "[s]ubrogate his [e]lectronic [f]iling[.]" See Mot. (Doc. 76) at 1:5-6 (emphasis omitted).   This means that plaintiff is no longer deemed to be a registered user within the meaning of the ECF Manual.   Therefore, in this case, he cannot file and receive

1  notice electronically.

2  ***II.  Trial Date***

3      On January 24, 2013, plaintiff filed a motion to expedite

4  [the] trial date[,]" claiming that he "does not know the

5  process when the Court will set the Trail [sic], and has been

6  waiting for months[.]" Mot. (Doc. 77) at 1:10-13.   In

7  response, the defendants point out that this action "was

8  dismissed and Judgment was entered on November 29, 2012."[1]

9  Resp. (Doc. 79) at 1:19-20 (citations omitted).   Defendants

10  accurately explain that when the plaintiff failed to respond

11  to the OSC, the court dismissed this action.

12      Significantly, however, as the court construes plaintiff's

13  reply, he did not learn of either the OSC or the resultant

14  dismissal order until the filing of defendants' response on

15  approximately February 6, 2013  – slightly more than two

16  months after the dismissal of this action.   Now, plaintiff

17  "wants to bring to the [court's] attention" the possibility of

18  a notification "error[.]" Reply (Doc. 80) at 1:25.   Plaintiff,

19  therefore, "requests . . . reinstate[ment] of his case[,]" to

20  "give him enough time to respond to the fee inquiry, or to pay

21  it." Id. at 2:2-3.

22      When plaintiff Halloum completed the electronic

23  registration form, among other things, he "consent[ed] to

24  receive notice electronically and waiver of the right to

25  receive notice by first class mail[.]" See Mot. (Doc. 58) at

26  5.  Similarly, the plaintiff "consent[ed] to electronic

27  _____

28      [1]      Actually, the dismissal order and judgment both were entered on November 28, 2012.  Ord. (Doc. 74) and Judgment (Doc. 75).

1  service and waiver of the right to service by personal service
2  or first class mail . . . except with regard to service of a
3  summons and complaint." Id.  That form further advised the
4  plaintiff that "waiver of service and notice by first class
5  mail applies to notice of the entry of an order or judgment."
6  Id.

7       Ordinarily, the foregoing, coupled with plaintiff
8  Halloum's "acknowledg[ment]" that [he] . . . read and
9  underst[ood] the information" in the signed registration form,
10 would readily convince this court that when he became a
11 registered ECF user, the plaintiff waived his right to notice
12 and service by any means other than electronically.  See Mot.
13 (Doc. 58) at 5. This case is not typical, however.  That is
14 because at the issuance of his password and login information,
15 the ECF system allowed plaintiff to log-in and view documents
16 filed in this case, but it did not allow him to electronically
17 file any documents.  Therefore, it is possible that on July 3,
18 2012, the first and only time plaintiff's ECF account shows
19 any activity, he was trying to e-file the motion for an
20 extension of time.  It also is entirely possible that because
21 plaintiff could not access his ECF account at that time, he
22 resorted to providing the court with a hard copy, which was
23 filed on July 5, 2012.  See Mot. (Doc. 63) at 1.
24 Plaintiff's inability to e-file is also in keeping with his
25 practice of always submitting hard copies of any documents for
26 filing to the court and of serving defendants via mail.  Under
27 these unique circumstances, the court cannot find that
28 plaintiff Halloum necessarily had notice of either the OSC or

the dismissal order and entry of judgment thereon.  Therefore, the court hereby **VACATES** the judgment entered on November 28, 2012 (Doc. 75), as well as the order entered on that same date (Doc. 74).  At the same time, though, because the foregoing means that the summary judgment motions will, once gain, be pending, the court hereby **DENIES without prejudice to renew** plaintiff's motion to expedite the trial (Doc. 77).

For the reasons set forth above, the court hereby **ORDERS** that:

(1) "Plaintiff's Motion to Subrogate His Electronic Filing" Mot. (Doc. 76) is **GRANTED;**

(2) from the date of entry of this order, notice and service upon plaintiff shall be by first class mail to his last known address provided to the court, P.O. Box 26246, Tempe, Arizona 85285;

(3) the order entered on November 28, 2012 (Doc. 74) and the judgment entered on November 28, 2012 (Doc. 75) are both VACATED;

(4) plaintiff **shall** have **fifteen (15) days** from the date of entry of this order in which to either pay the $350.00 filing fee **or** file a response showing good cause why he cannot pay the filing fee;

(5) if plaintiff fails to timely comply with this order, as directed in paragraph (3) above, the court may dismiss this action without further notice, <u>see</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court);

(6) defendants **shall** file a  reply, if any, **within fifteen (15) days** after service of the responsive memorandum; and

. . .

1    (7)  "Plaintiff's Motion to Expedite Trial Date" (Doc. 77)
          is **DENIED without prejudice to renew.**

2

3    DATED this 25th day of April, 2013.

4

5

6    _____
     Robert C. Broomfield

7    Senior United States District Judge

8

9

10   Copies to counsel of record and plaintiff *pro se* at P.O. Box
     26246, Tempe, AZ 85285

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28